UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ALLEN OCHOCKI,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV18-4122<br>CR 08-40119<br><br>MEMORANDUM OPINION AND ORDER<br>DENYING § 2255 MOTION |

Scott Allen Ochocki ("Ochocki"), a federal inmate, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Docs. 1 & 3, and Motion to Proceed In Forma Pauperis, Doc. 4. The Court has conducted a preliminary review required by Rule 4(b)[1] of the Rules Governing Section 2255 Proceedings, and the Court has determined that Ochocki is not entitled to relief under § 2255.

## BACKGROUND

On August 5, 2008, Ochocki was indicted on one count of possession of child pornography in violation 18 U.S.C. §§ 2252A(a)(2)(A), 2256(8)(A). Ochocki was arraigned and entered a plea of guilty on March 25, 2009.

Sentencing for Ochocki's possession of child pornography offense occurred on July 6, 2009. Ochocki's total offense level was 25. With a criminal history category of V, the sentencing guideline range was 100 to 125 months imprisonment. However, since the statutory maximum penalty for the offense charged was 10 years, 18 U.S.C. § 2252A(b)(2) (effective Oct. 13, 2008 to Nov. 30, 2009), the applicable guideline range was 100 to 120 months imprisonment. Because Ochocki pleaded guilty to a "sex offense," his guideline range for a term of supervised release was 5 years to life. 18 U.S.C. § 3583(k); *see also* United States Sentencing Guidelines ("USSG") § 5D1.2(b)(2).

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in relevant part:
> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

1

The Court sentenced Ochocki to 100 months imprisonment and 8 years supervised release. On April 9, 2010, taking into consideration Ochocki's substantial assistance under Rule 35 of the Federal Rules of Criminal Procedure, the Court amended Ochocki's sentence to 60 months imprisonment and 8 years supervised release.

Ochocki's term of supervised release for his possession of child pornography offense commenced on December 26, 2012.

On September 30, 2013, Ochocki pleaded guilty to a violation of Special Condition No. 12 of his Supervised Release ordering Ochocki to refrain from going or loitering "near any school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." Ochocki's supervised release was revoked and Ochocki was sentenced to a term of imprisonment of 12 months and 1 day and 5 years supervised release.

On October 19, 2015, Ochocki pleaded guilty to conduct which constitutes a violation of state law, that is Ingestion, in violation of his Mandatory Conditions of Supervised Release and to a violation of Special Condition No. 17 of his Supervised Release for possessing and using a computer with access to online computer services without the prior approval of the probation office. Ochocki's supervised release was revoked and Ochocki was sentenced to a term of imprisonment of 8 months and 5 years supervised release.

On June 5, 2017, Ochocki pleaded guilty to a violation of Special Condition No. 1 of his Supervised Release for inhaling an intoxicant. Ochocki's supervised release was revoked and Ochocki was sentenced to a term of imprisonment of 7 months and 5 years supervised release.

On June 25, 2018, Ochocki pleaded guilty to "engag[ing] in conduct which constitutes a violation of state law, that is, Driving After cancellation-Inimical to Public Safety, Gross Misdemeanor," in violation of his Mandatory Conditions of Supervised Release. Ochocki's supervised release was revoked and Ochocki was sentenced to a term of imprisonment of 12 months and 1 day, concurrent to any sentence imposed by the State of Minnesota for the offense and to 3 years supervised release.

On September 24, 2018, Ochocki filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In Ochocki's § 2255 motion, he alleges that the term of supervised release imposed by the Court for his underlying offense and for 3 of his 4 revocations each

exceeded the statutory maximum of 3 years for his underlying offense and that the aggregate time he was on supervised release also exceeded the 3-year statutory maximum for his underlying offense.[2] On October 9, 2018, Ochocki filed a Motion for Leave to Proceed in Forma Pauperis. Doc. 4.

## DISCUSSION

### I. Motion to Proceed *In Forma Pauperis*

Ochocki moves to proceed *in forma pauperis* in this case. Doc. 4. This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915.

There is no filing fee required of a § 2255 movant and thus no need for a movant to submit an application to proceed *in forma pauperis*. Rule 3, Rules Governing Section 2255 Proceedings, advisory committee's note to 1976 adoption. Accordingly, the Court denies Ochocki's motion to proceed *in forma pauperis* as moot.

### II. Section 2255 Motion

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

§ 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the Court to conduct a preliminary examination of the motion and to dismiss it if it plainly appears from the motion and prior proceedings that the movant is entitled to no relief.

In Ochocki's § 2255 motion, he alleges that the term of supervised release imposed by the Court for his underlying offense and for 3 of his 4 revocations of supervised release each exceeded

---

[2] Ochocki's underlying offense is a Class C felony and Ochocki alleges that pursuant to 18 U.S.C. § 3583, the authorized term of supervised release for this offense is not more than 3 years.

3

the statutory maximum of 3 years for his underlying offense and that the aggregate time he was on supervised release also exceeded the 3-year statutory maximum for his underlying offense.

### A. Timeliness of Motion

A 1-year statute of limitations applies to § 2255 motions. § 2255(f). The limitation period begins to run from the latest of—

(i) the date on which the judgment of conviction becomes final;
(ii) the date on which the impediment to making a motion created by governmental action in violation of the Constitution recognized of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(iii) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(iv) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)-(4). Ochocki does not assert any rights newly recognized by the Supreme Court nor that he was impeded from making a motion by governmental action in violation of the Constitution. The Court concludes that Ochocki's challenge, under § 2255, that the terms of supervised release that he received for his September 30, 2013; October 19, 2015; and June 5, 2017 revocations exceeded the statutory maximum is barred by the 1-year statute of limitations. The judgments for these revocations became final more than a year prior to Ochocki filing his § 2255 motion and the facts supporting Ochocki's claim could have been discovered through the exercise of due diligence. Ochocki's claim alleging that the supervised release imposed for his initial offense and for his revocations exceeded, on an aggregate basis, the statutory maximum is likewise barred by the 1-year statute of limitations. The facts supporting this claim were discoverable through due diligence at the time of Ochocki's initial sentencing when the Court imposed an 8-year term of supervised release—a term that Ochocki alleges exceeds the statutory maximum. While the term of supervised release imposed by the Court for Ochocki's June 25, 2018, revocation falls within the 1-year statute of limitations, Ochocki does not allege that this term of supervised release exceeds the 3-year statutory maximum.

### B. Merits

The Court concludes that the Ochocki's claim for relief also fails on the merits. Ochocki misunderstands the terms of supervised release that are applicable to his initial offense and subsequent revocations. Ochocki pleaded guilty to a "sex offense" as defined in USSG § 5D1.2(1)[3]. The maximum term of supervised release for a "sex offense" is life, not 3 years as alleged by Ochocki. 18 U.S.C. § 3583(k); USSG § 5D1.2(b)(2). Ochocki's sentence of 8 years supervised release for the "sex offense" to which he pleaded guilty therefore does not exceed the statutory maximum.

The terms of supervised release that Ochocki was sentenced to after each of his 4 revocations, and on an aggregate basis, do not exceed the terms of supervised release authorized by statute. Section 3583(h) provides that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). The statute further provides that the length of the supervised release term imposed upon revocation may not exceed the term of supervised release authorized by statute for the underlying offense, less any term of imprisonment that was imposed upon revocation. *Id.*

As stated above, the Court revoked Ochocki's supervised release on 4 different occasions and sentenced him to a term of imprisonment and supervised release for each revocation. The maximum term of supervised release for Ochocki's underlying "sex offense" is life. Accordingly, the supervised release that Ochocki was sentenced to for his initial offense and his subsequent revocations do not exceed the maximum term (life) of supervised release authorized by statute for his underlying offense.

For the foregoing reasons, the Court concludes that that Ochocki is not entitled to the relief under 28 U.S.C. § 2255.

Accordingly, it is ORDERED:

(1) Ochocki's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Docs. 1 & 3, is denied; and

---

[3] A "sex offense" includes an offense, perpetrated against a minor, under chapter 110 of title 18, United States Code and the definition encompasses the offense to which Ochocki pleaded guilty. *See* USSG § 5D1.2, commentary 1.

(2) Ochocki's Motion to Proceed In Forma Pauperis, is denied as moot; and

(3) The Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Ochocki; and

(4) A Certificate of Appealability shall not issue on the claims raised in the § 2255 motion.

Dated this 13th day of March, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK